IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE SIMPSON,<br><br>      Plaintiff,<br><br>v.<br><br>BARRY WILLIS BREWER,<br>TERRY LLOYD REEVES, and<br>REEVES TRUCKING, LLC,<br><br>      Defendants. | Case No. 19-CV-00410-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Plaintiff Willie Simpson's Motion for Reconsideration of Defendant's Motion to Exclude Expert and Response to Order (Doc. 78). For the following reasons, the Motion for Reconsideration is denied.

### BACKGROUND

On October 20, 2010, Simpson was operating a tractor-trailer when a tractor-trailer operated by Brewer allegedly sideswiped Simpson's vehicle at a gas station in Fayette County, Illinois. (Doc. 42, p. 1). Defendant Brewer was acting as an agent, employee, and/or representative of Reeves Trucking. (Doc. 68, p. 2).

This case was originally filed on October 18, 2012, in Fayette County, Illinois. It was dismissed on June 14, 2018. It was then re-filed on April 11, 2019 in this Court. (Doc. 1). The case is proceeding on Simpson's negligence claim against Brewer and Reeves Trucking for personal injuries allegedly sustained as the result of the accident. (Doc. 68, p. 2).

On August 20, 2019, the Court entered its scheduling and discovery order. (Doc. 19). Pursuant to that order, Simpson was to disclose his expert witnesses by December 13, 2019, along with written reports prepared and signed by the witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2). (Doc. 19-1). Depositions of Simpson's expert witnesses were to be taken by January 10, 2020. (*Id.*).

Defendants already pointed out that they never received Simpson's Rule 26 expert witness disclosures. (Doc. 57, p. 1). As a result, "Defendants move[d] to exclude [Simpson] from calling any retained or non-retained expert witness and/or introducing any expert witness evidence or information at trial, at a hearing or on a motion." (*Id.*).

Simpson responded that he was not offering Dr. Conduah as an expert witness. (Doc. 69, p. 1). Instead, "Dr. Conduah has been designated as a fact witness and has relevant testimony regarding his treatment of Plaintiff after the accident." (*Id.*). Additionally, Simpson conceded that he did not file a Rule 26(a)(2)(B) report or expert designation for Dr. Conduah. (*Id.* at p. 3). Accordingly, the Court granted Defendants' motion in part, and entered an order barring Simpson from eliciting testimony from Dr. Conduah regarding prognosis or causation. (Doc. 72, p. 3). Simpson "[now] finds himself, through counsel, in the unenviable position of seeking to reverse its previous position and ask for reconsideration on the issue of whether Dr. Conduah is a non-retained expert." (*Id.* at p. 2).

## LEGAL STANDARD

Motions to reconsider an interlocutory order are properly brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as the rule provides that an order adjudicating fewer than all the claims among the parties "may be revised at any time" before the entry of a final judgment. FED. R. CIV. P. 54(b). Motions to reconsider under Rule 54(b) are judged by

largely the same standard as motions to alter or amend a judgment under Rule 59(e) and serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

"A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). A motion to reconsider is only proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1192 (citation omitted).

## Discussion

To start, Simpson's counsel is not arguing that the Court misunderstood her, decided issues outside the adversarial issues presented, or made an error of apprehension. Simpson's counsel is neither arguing that a significant change of law has occurred, nor that significant facts been discovered. Rather, Simpson's counsel is reversing her previous position and now "ask[s] for reconsideration on the issue of whether Dr. Conduah is a non-retained expert." (Doc. 78, p. 2). Because this does not meet the standard for a motion for reconsideration, Simpson's motion must be denied.

Even if Simpson had argued that Dr. Conduah was a non-retained expert, the motion to reconsider would still fail because the Court made no manifest error of law when it found that "Simpson is barred from eliciting testimony from Dr. Conduah regarding prognosis or

causation" (Doc. 72). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37. "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). Here, Simpson's counsel has provided no justification for the non-disclosure. To the extent Simpson's counsel misunderstands the law, this is not a justification. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (noting that a "[d]isagreement with that ruling or a belief that such testimony would be lay and not expert opinion (or no opinion at all) is not justification; at best, it's just a misunderstanding of law").

To determine whether the non-disclosure was harmful, courts consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Westefer v. Snyder*, 422 F.3d 570, 585 n. 21 (7th Cir. 2005) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

Here, Defendants may not be surprised by Dr. Conduah's testimony, but they are certainly prejudiced. *See Musser*, 356 F.3d at 757–58 ("failure to disclose experts prejudiced [party] because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony on grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), retaining rebuttal experts, and holding additional depositions to retrieve the information

not available because of the absence of a report"). Defendants note that they did not have the "opportunity to challenge Plaintiff's experts pursuant to a *Daubert* motion." (Doc. 57, p. 10). Defendants also point out that their "medical expert could have prepared a different report had he been provided with Plaintiff Willie Simpson's treating provider's summary of opinions." (*Id.*). The Court agrees. Defendants were prejudiced by Simpson's non-disclosure, and this factor weighs in favor of a finding of harm.

As for the second factor, the ability to cure the prejudice, Simpson's counsel argues that "here, however, additional discovery would not be necessary." (Doc. 78, p. 4). The Seventh Circuit's reasoning in *Musser* explains otherwise, and Simpson's counsel does not get to decide whether additional discovery would be necessary. Because reopening discovery increases the costs and burdens on Defendants, this factor weighs in favor of finding a harm. *See Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016) (acknowledging that "[r]eopening discovery would cause further delay and require the defendants to prepare new motions on potentially different grounds").

The third factor is the likelihood of disruption to the trial. Trial will begin in just a few days––on August 10, 2021. This factor weighs in favor of finding a harm, as there is no time to go back and reopen discovery or for Defendants to file *Daubert* motions.

It is difficult to find bad faith or willfulness without Defendants submitting evidence. But Simpson's counsel has made a series of representations to this Court that is more than enough to find in favor of Defendants. For instance, counsel argues in the motion for reconsideration that "defendants have had the opportunity to fully question Dr. Conduah under oath." (Doc. 78, p. 3). Simpson then asserts "it was defendants' counsel who questioned Dr. Conduah about matters that would pertain to an expert." (*Id.*). But just

*last week*, counsel represented to the Court in Simpson's Response in Opposition to Defendants' Motion to Exclude Expert that "**Dr. Conduah's taped deposition testimony [ ] does not offer any expert opinions**." (Doc. 69, p. 1) (emphasis added).

It gets worse. Simpson's counsel has repeatedly explained that Dr. Conduah will **not** testify as to *causation*. Counsel made that clear in Simpson's Response in Opposition to Defendants' Motion to Exclude Expert. And even in this filing counsel continues to note that "Dr. Conduah indicated he could not opine on future medical care or prognosis because he was only testifying about his treatment of [Simpson]." (Doc. 78, p. 3). Notably, Simpson's counsel willfully avoids mentioning whether Dr. Conduah will testify as to *causation*. This is a dangerous tactic when this Court previously ordered counsel to explain "how Dr. Conduah will provide [diagnosis] testimony without relying upon 'specialized medical training and knowledge that is outside the average jurors sphere of knowledge.'" (Doc. 72). After considering the above factors, the Court concludes that the Simpson's non-disclosure was harmful.

An appropriate sanction for the violation is barring Dr. Conduah from testifying as to causation or prognosis. This case is not like *Schmelzer*. In *Schmelzer*, the court did not completely exclude the expert testimony of the treating physicians because there was "sufficient time for a limited re-opening of discovery given that the trial date [was] *six months away*." *Schmelzer v. Muncy*, No. 16-cv-290-GCS, 2019 WL 3842335 (S.D. Ill. Aug. 14, 2019), at *6 (emphasis added). Here, the trial date is less than *three days away*.

For these reasons, the Court finds that it made no manifest error of law when it found that "Simpson is barred from eliciting testimony from Dr. Conduah regarding prognosis or causation" (Doc. 72).

## CONCLUSION

Accordingly, Plaintiff Willie Simpson's Motion for Reconsideration of Defendant's Motion to Exclude Expert and Response to Order 72 (Doc. 78) is **DENIED**. Dr. Conduah may testify as to Simpson's diagnosis to the extent Dr. Conduah diagnosed Simpson with the rotator cuff tear, but Simpson is barred from eliciting testimony from Dr. Conduah regarding prognosis or causation.

**IT IS SO ORDERED.**

**DATED:   August 7, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**