IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE SIMPSON,<br><br>　　　Plaintiff,<br><br>v.<br><br>BARRY WILLIS BREWER, and<br>REEVES TRUCKING, LLC,<br><br>　　　Defendants. | Case No. 19-CV-00410-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the motions in limine filed by Plaintiff Willie Simpson (Doc. 70) and Defendants Barry Willis Brewer and Reeves Trucking, LLC (Doc. 71). The Court held a hearing on the motion on August 9, 2021, and now issues the following rulings.

I.　　**Plaintiff's Motions in Limine (Doc. 70)**

**Motion in Limine No. 1:** To bar any testimony or evidence of collateral sources payments to the Plaintiff.

Defendants have no objection unless the Court denies Defendants' motion in limine with regard to the issue of medical bills. Of course, the collateral source doctrine prohibits this evidence. Accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 2:** To bar any testimony or evidence that Plaintiff's counsel may ask or may have asked for a greater amount of money than the plaintiff actually expects to receive.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 3:** To bar any testimony or evidence regarding Plaintiff Simpson being a party to a workers' compensation claim as a result of the subject occurrence, that the workers' compensation claim was settled, abandoned or that the workers' compensation claim lien was waived.

This motion is **GRANTED in part**. Defendants shall refrain from introducing any evidence that Simpson was a party to a workers' compensation claim. Simpson is barred from introducing records related to the workers' compensation claim, which include his impairment rating. However, Defendants reserve the right to object or present evidence that certain portions of Simpson's medical records strictly concern his workers' compensation claim, and are thus unrelated to the present civil action. The Court **RESERVES RULING** on this portion depending on which medical bills and records Simpson plans on introducing.

**Motion in Limine No. 4:** To bar any testimony or evidence of the tax treatment of any compensatory damages recovered.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 5:** To bar any testimony or evidence that Plaintiff Simpson was referred to his physician or any other medical professionals by any third party.

This portion of Plaintiff's motion is **GRANTED in part and DENIED in part.** Defendants' counsel shall not ask questions that would violate the attorney-client

privilege. However, Defendants' counsel may question a physician or other medical professionals' background and history of testifying in lawsuits. *See Abernathy v. E. Illinois R.R. Co.*, 940 F.3d 982, 992 (7th Cir. 2019) *("[w]e have held repeatedly that parties should be granted reasonable latitude in cross-examining witnesses for bias").*

**Motion in Limine No. 6:** To bar any testimony or evidence of the circumstances or terms under which Plaintiffs' counsel has been retained.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 7:** To bar any expert testimony or evidence that Plaintiff Simpson could invest the money requested, that the money that the Plaintiff ask for could earn various amounts if invested, or that the Plaintiff should invest the money.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 8:** To bar any evidence of Defendant Brewer's economic circumstances or condition would render him unable to pay a judgment or make the payment thereof a hardship for him.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 9:** To bar any evidence of Defendant Reeves [Trucking]'s economic circumstances or condition would render [it] unable to pay a judgment or make the payment thereof a hardship [].

Defendants have no objection; accordingly, this portion of the motion is

**GRANTED**.

**Motion in Limine No. 10:** To bar Defendants from presenting evidence that Plaintiff Simpson was depressed, diagnosed with depression, had drug seeking behavior, was malingering, or had secondary gain.

Plaintiff argues that "Defendant does not have any expert testimony regarding these matters and expert testimony is proper when the subject matter of the inquiry is of such a character that only persons of special skill or experience in that area are capable of forming a correct judgment with respect to the applicable facts." (Doc. 70, pp. 3-4).

Defendants object noting that "Plaintiff has pleaded garden variety emotional distress. Clearly, a prior or subsequent diagnoses of depression will be relevant to the jury's determination of Simpson's emotional state. Further, evidence that Simpson is a malingerer, or had drug seeking behavior is relevant to his veracity and credibility." (Doc. 79, p. 4).

This portion of Plaintiff's motion is **DENIED in part.** Depending on Simpson's testimony on direct examination, Defendants may present evidence of prior diagnoses, and whether Simpson was malingering. Thus, the Court **RESERVES RULING** in part.

**Motion in Limine No. 11:** To bar Defendants from introducing evidence that Plaintiff Simpson has ever used illegal drugs, abused prescription drugs or abused alcohol in the past.

In response, "Defendants plan to present impeachment evidence regarding Plaintiff's alcohol and/or drug abuse, which could be relevant depending upon the evidence adduced at the time of trial. Assuming no foundation can be provided for such

evidence, Defendant will refrain from attempting to use such evidence." (Doc. 79, p. 4).

The Court **RESERVES RULING** on this portion of Plaintiff's motion. Depending on Simpson's testimony on direct examination, Defendants may present evidence to impeach Simpson's testimony as to alcohol and/or drug abuse.

**Motion in Limine No. 12:** To bar evidence or testimony that Plaintiff was ever convicted of an offense more than ten years prior to the date of the occurrence involved in this matter, which was not a felony or a misdemeanor involving dishonesty or false swearing.

Defendants have no objection to this motion to the extent that it is consistent with Illinois Rule 609 and/or Federal Rule of Evidence 609. Defendants object to the extent that such evidence is to be used as impeachment evidence.

This portion of Plaintiff's motion is **GRANTED in part and DENIED in part**. Counsel shall comply with Federal Rule of Evidence 609 if Defendants seek to impeach Simpson with evidence of a criminal conviction. Defendants shall not elicit any testimony regarding the nature of the convictions or the sentence that Simpson received as such testimony would be highly prejudicial and outweighs the probative value of the evidence. If Defendants believe specific facts and circumstances warrant admissibility of the evidence, they may ask the Court to present evidence after Simpson's testimony on direct examination.

**Motion in Limine No. 13:** To bar Defendant from introducing evidence that Plaintiff failed to call some of Plaintiff's treating physicians at trial.

Defendants have no objection; accordingly, this portion of the motion is

**GRANTED**.

**Motion in Limine No. 14:** To exclude evidence of Plaintiff Simpson's involvement in any other lawsuits, accidents, or claims as they are not similar or relevant to the case at bar.

This portion of Plaintiff's motion is **GRANTED in part and DENIED in part**. Defendants have no objection, in part, and agree to refrain from introducing evidence that Simpson has been involved in other lawsuits or claims that are not like the present case.

"However, Defendants do not agree to refrain from introducing evidence that Plaintiff has been involved in other accidents. The same are relevant to establish a history of prior injuries to Plaintiff in the same part of the body for which Plaintiff is currently making a claim for damages." (Doc. 79, p. 5). "Evidence regarding the 'nature and consequence' of a prior injury 'concerns not relevance, but reliability, which is the domain of forum law.'" *Bianco v. Hultsteg AB*, 2009 WL 347002, at *7 (N.D. Ill. Feb. 5, 2009) (quoting *Ueland v. United States*, 291 F.3d 993, 998 (7th Cir. 2002)). "Evidence is relevant if it possesses 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Ueland*, 291 F.3d at 998 (quoting FED. R. EVID. 401). "Evidence that the plaintiff's injury predated the supposed tort has such a tendency." *Id*.

Accordingly, Defendants will not be barred from introducing evidence as to prior injuries suffered by Simpson as a result of prior accidents or incidents.

**Motion in Limine No. 15:** To bar any comment or argument to the jury by the

defense that Plaintiff's request for damages constitutes any type of get-rich-quick scheme, welfare program, or the like.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 16:** To bar any comment or comparison of the legal system to a lottery, or mention that an award to the Plaintiff would amount to winning the lottery or some other game of chance.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 17:** To bar any cross-examination of the Plaintiff concerning medical conditions suffered by the Plaintiff that have not been established or connected by medical testimony to the Plaintiff's present injuries, and any questions about, or mention of, Plaintiff's medical treatment of parts of the body not related to this case, including but not limited to his kidneys, high blood pressure, and stomach ailments.

Defendants object, in part, to this motion. "Defendants seek to admit Plaintiff's prior and subsequent medical records related to the body parts at issue in the pleadings." (Doc. 79, p. 6).

This portion of Plaintiff's motion is **GRANTED in part and DENIED in part**. Defendants are barred from cross examining Simpson as to his kidneys, high blood pressure, and stomach ailments. However, Defendants are not barred from cross examining Simpson as to prior back, neck, or shoulder injuries. *See Ueland*, 291 F.3d at 998 ("[plaintiff] could be asked to describe his symptoms; a first-party, factual narration

does not depend on expertise").

**Motion in Limine No. 18:** To bar any suggestion that the Plaintiff's case, damage request, or verdict places a burden upon the public as a whole and/or is responsible for a high cost of living.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 19:** To bar any suggestion that the Plaintiff is required to prove a certain specific dollar amount in order to be compensated for pain and suffering or other non-economic damages.

Defendants have no objection as to refraining from making any suggestion that Simpson is required to prove a certain specific dollar amount. Accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 20:** To bar any reference to tort reform, or comparison with, the amount of previous awards or settlements in similar cases or claims arising out of the same or similar circumstances or involving similar injuries or references to verdicts or settlements in other cases, including any infamous cases, (i.e.; the McDonald's coffee spill case), or any suggestion that the Plaintiff's damage award request should be tested for excessiveness against such other cases.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 21:** To bar any comment or reference to any settlement negotiations.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 22:** To bar any argument that any verdict would raise insurance rates and/or that cases like this are responsible for high insurance premiums.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 23:** To bar any comment on the employment relationship with the Plaintiff's attorney or fee arrangements.

This portion of Plaintiff's motion is **GRANTED in part**. Defendants have no objection to the extent that Defendants will refrain from making any comment on the attorney fee arrangement. However, "Defendants object that Plaintiff's Motion in Limine No. 23 improperly seeks to exclude evidence of any 'employment relationship' between Plaintiff and Plaintiff's counsel." (Doc. 79, p. 7). Defendants note that the "existence of any such relationship could be highly relevant to the issues of bias" (*Id.*).

Depending on Simpson's testimony on direct examination, Defendants may present evidence of an employment relationship with Simpson's attorney. Defendants are reminded to inform the Court before cross-examination as to whether Defendants seek to present evidence regarding this relationship. The Court **RESERVES RULING on this portion of the Motion**.

**Motion in Limine No. 24:** To bar any suggestion that Plaintiff had an improper motive in filing and prosecuting this action, as the motivation of the plaintiff is not relevant to any issue in this case.

Defendants object and argue that they plan to introduce evidence through a witness to the incident that shortly after the accident, Simpson suggested that there was a lawyer who could get him money from the incident. Specifically, Defendants seek to introduce of testimony of Mr. Higgins at trial, including but not limited to the following:

> Q. Did – at some point later did Mr. Simpson indicate to you that he had been injured in this accident?
>
> A. Yes. Later on, as we were going down the road driving, and I was driving at the time.
>
> Q. What did he say?
>
>   Ms. Bess: Objection to the hearsay.
>
> Q. (By Mr. O'Keefe): You can answer, sir. Go ahead. What did Mr. Simpson say to you?
>
> A. He was like, "Are you hurt?" And I'm like, "No." And he asked me like – **he knows somebody, a lawyer in Atlanta, that would get some money off this case**; you just tell them that you was hurt. And I turned down his offer.

(Doc. 59-2, p. 7).

"[S]tatements of a declarant's state of mind (motive, intent, or plan) are not excluded under the hearsay rule." *Flanagan v. Off. of Chief Judge of Cir. Ct. of Cook Cty., Illinois*, 893 F.3d 372, 375 (7th Cir. 2018). Courts consider the amount of time that has passed between the event and the declarant's state of mind. *See, e.g., United States v. Reyes*, 239 F.3d 722, 743 (5th Cir. 2001) (statements made two months after relevant conduct properly was properly excluded); *United States v. LeMaster*, 54 F.3d 1224, 1231-32 (6th Cir.1995) (statements made 24 hours after relevant conduct was properly excluded); *United States v. Jackson*, 780 F.2d 1305, 1315 (7th Cir.1986) ("defendant's

statements were made two years after the fuel-stealing scheme had ended," and defendants had "potentially an incentive to misrepresent the truth in their conversations").

Here, Simpson's comment occurred on the *same day* the accident occurred. In fact, Mr. Higgins testified that Simpson said this within thirty minutes to an hour after the accident (Doc. 59-2, p. 7). Accordingly, this portion of Plaintiff's motion is **DENIED**.

**Motion in Limine No. 25:** To bar any appeal to jurors that they place themselves in the position of the parties or attempt to empathize or sympathize with the parties.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 26:** To bar any attempt of the Defendants to support their position by testimony as to the good character or reputation of any Defendant.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 27:** To bar any argument that attempts to correlate the magnitude of damage to Plaintiff's vehicle to the extent or nature of his injuries that is not supported by expert testimony.

Defendants object arguing that "[t]he correlation between the magnitude of damage to a vehicle and the extent or nature of Plaintiff's injuries is highly relevant and admissible evidence, even without expert witness testimony" (Doc. 79, p. 8).

This portion of Plaintiff's motion is **GRANTED in part and DENIED in part**. Defendants are barred from attempting to correlate the magnitude of damage to the

vehicles to the extent of Simpson's injuries, unless supported by expert testimony. "As a general rule, a party in a personal injury case may not directly argue that the seriousness of personal injuries from a car accident correlates to the extent of the damage to the cars, unless the party can produce competent expert testimony on the issue." *Bishop v. Dale Jessup, Inc.*, 2006 WL 571979, at *1 (E.D. Mo. Mar. 8, 2006); *see also Henriksen v. United States*, 2011 WL 13239142, at *3 (N.D. Ill. Apr. 29, 2011) (acknowledging that "without expert testimony on the correlation between the vehicular damage and Plaintiff's injuries, it seems likely that the Court would be left to speculate on the relationship between the two, and such guesswork is not permissible").

However, the parties are allowed to show photographs of the damage to the vehicles. *See Peach v. McGovern*, 129 N.E.3d 1249, 1259 (Ill. 2019). ("Postaccident photographs, just like testimony of witnesses describing an accident, are relevant to the issues of proximate cause and injury").

**Motion in Limine No. 28:** To bar any comment or argument by defense counsel that they are "shocked" by Plaintiffs request for damages.

Defendants object noting that Defendants' counsel is permitted to do the same. This portion of the motion is **DENIED**. *See Cimaglia v. Union Pac. R. Co.*, 2009 WL 499287, at *7 (C.D. Ill. Feb. 25, 2009) ("[w]hether comments during opening statement and closing argument are proper is a matter that the Court must determine in context. It will decide these issues as they arise at trial").

**Motion in Limine No. 29:** To allow Plaintiff to use exhibits and blown-up jury instructions during opening and closing arguments.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**. All counsel must exchange and approve any trial or demonstrative exhibits prior to the use of same in opening statements and closing arguments.

**Motion in Limine No. 30:** To allow Plaintiff to use google maps and/or google earth for demonstrative purposes only.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**. Again, counsel must exchange and approve any such evidence prior to using it.

**Motion in Limine No. 31:** To bar any reference that Willie Simpson had multiple marriages and divorces.

Defendants have no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 32:** To bar any reference, insinuation, or mentioning of other accidents or collisions involving Mr. Simpson.

As noted above, "[e]vidence regarding the 'nature and consequence' of a prior injury 'concerns not relevance, but reliability, which is the domain of forum law.'" *Bianco*, 2009 WL 347002, at *7. "Evidence is relevant if it possesses 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Ueland*, 291 F.3d at 998 (quoting FED. R. EVID. 401). "Evidence that the plaintiff's injury predated the supposed tort has such a tendency." *Id*. Accordingly, this motion is **DENIED**.

**Motion in Limine No. 33:** To bar any reference to earlier lawsuits being filed in

this case and later dismissed.

This motion is **GRANTED**. However, in the event that portions of depositions refer to the earlier lawsuit, or depositions from the earlier lawsuits are used, the parties are instructed to submit agreed instructions to the Court.

**II.     Defendants' Motions in Limine (Doc. 71)**

**Motion in Limine No. 1:** To bar Plaintiff from introducing evidence that his medical bills were reasonable and necessary.

Expert testimony is required to show that a charge is usual and customary, especially when it comes to *unpaid medical bills*. "In Illinois (to whose law we look for guidance on this point), whether a medical bill is paid is the touchstone for whether the expense is reasonable." *White v. Hefel*, 875 F.3d 350, 358 (7th Cir. 2017) (citing *Barreto v. City of Waukegan*, 478 N.E.2d 581, 589 (Ill. App. Ct. 1985)). "Payment is not the exclusive way to demonstrate reasonableness, however." *Id*. "It is also acceptable for a 'person having knowledge of the services rendered and the usual and customary charges for such services to testify that the charges are 'fair and reasonable.'" *Id*. (quoting *Arthur v. Catour*, 833 N.E.2d 847, 853–54 (Ill. 2005)). In *White*, the Seventh Circuit affirmed the district court's decision to exclude medical-bill evidence and acknowledged that "[t]he problem here is that the [plaintiffs] never called the medical record-keepers they had included on their witness list, and so the jury never heard the necessary evidence." *Id*. The Court continued noting, "[t]his was simply a failure of proof, not a ruling that unpaid medical bills can never be used at a trial." *Id*.; *see also Schmelzer v. Muncy*, 2019 WL 3842335, at *8 (S.D. Ill. Aug. 14, 2019) ("[f]ederal courts interpreting Illinois law, including the Southern

District of Illinois, have found that expert testimony is required to establish that each *unpaid medical bill* represents the usual and customary charge for the service provided") (emphasis added) (citations omitted).

This portion of Defendants' motion is **GRANTED**. Plaintiff's counsel represented to the Court at the recent hearing that Simpson would testify that his bills have been paid. But his deposition testimony on this point (Exhibit 1 to Defense Counsel's Letter of August 9) establishes that Simpson cannot provide the necessary foundation regarding what, if anything, was paid. Likewise, Dr. Conduah's deposition testimony (Exhibit 4 to Defense Counsel's Letter of August 9) does not provide *any* foundation regarding the *necessity* and *reasonableness* of the medical bills. Without testimony from a person having knowledge of the services rendered that the services were necessary, as well as knowledge of the usual and customary charges for such services and that the charges are fair and reasonable, the bills are not admissible.

**Motion in Limine No. 2:** To bar Plaintiff from introducing evidence of damages for emotional distress beyond a claim of "garden-variety" emotional distress.

This motion is **GRANTED in part** and **DENIED in part**. Plaintiff may testify to his emotional state following the incident from his own perspective. His testimony will, of course, determine what evidence is admissible on cross-examination.

**Motion in Limine No. 3:** To limit Plaintiff in introducing evidence of Plaintiff's prior military service.

This motion is **DENIED**.

**Motion in Limine No. 4:** To limit Plaintiff to introducing evidence of damages to

only his left shoulder.

This portion of Defendants' motion is **GRANTED in part and DENIED in part**. Simpson is barred from eliciting testimony and evidence of damages beyond his left shoulder through Dr. Conduah, because Dr. Conduah only "reach[ed] the conclusion that plaintiff had a large rotator cuff tear." (Doc. 78, p. 4). However, Simpson is allowed to testify as to evidence of damages beyond his left shoulder. *See McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010) ("even in tort cases where the plaintiff has the burden of establishing cause, the plaintiff may rely on lay testimony when causation is within the understanding of a lay person"); *but see Fulton v. Theradyne Corp.*, 2007 WL 772953, at *4 (N.D. Ill. Mar. 12, 2007) ("generally, in products liability and negligence cases involving specialized products and 'specialized knowledge,' expert testimony is required"). Of course, Simpson will be subject to cross-examination on these issues.

**Motion in Limine No. 5:** To bar Plaintiff from introducing evidence of damages to his lower extremities, abdomen, head, or headaches.

This portion of the motion is **GRANTED**.

**Motion in Limine No. 6:** To bar Plaintiff from introducing evidence of insurance or insurance coverage.

Plaintiff has no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 7:** To bar Plaintiff from introducing evidence of unrelated accidents or incidents involving Defendant Barry Willis Brewer and/or Defendant Reeves Trucking, LLC.

Plaintiff has no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 8:** To bar Plaintiff from introducing expert testimony through his lay witnesses.

The Court has already ruled on this issue. Dr. Conduah may testify as to Simpson's diagnosis to the extent Dr. Conduah diagnosed Simpson with the rotator cuff tear, but Simpson is barred from eliciting testimony from Dr. Conduah regarding prognosis or causation. Dr. Conduah shall only testify to his "observations [ ] and treatment of Plaintiff, essentially he is [limited] [to] testifying about what he saw and did, why he did it and when he did it." (Doc. 69, p. 3).

**Motion in Limine No. 9:** To bar Plaintiff from introducing evidence that refers to Plaintiff as a "victim."

Plaintiff objects, but provides no legal basis for this argument; accordingly, this motion is **GRANTED**.

**Motion in Limine No. 10:** To bar Plaintiff from introducing evidence that Defendants objected to certain interrogatories and other written discovery requests.

Plaintiff has no objection; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 11:** To bar Plaintiff from calling Bunnie Lytle as a witness.

Plaintiff is withdrawing the proposed witness; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 12:** To bar Plaintiff from calling Willie Simpson IV as a witness.

Plaintiff is withdrawing the proposed witness; accordingly, this portion of the motion is **GRANTED**.

**Motion in Limine No. 13:** To bar Plaintiff from introducing evidence of prior deposition testimony that was not designated for use at trial.

The Court **RESERVES RULING** on this motion. Dr. Rotman's deposition on June 15, 2021, was noticed by Defendants as a trial deposition and thus the Court does not understand why Simpson's counsel wants to introduce portions of the previous deposition. Counsel shall provide the portion of the previous deposition that she has designated for use at trial to the Court, and the Court then will rule on the admissibility of that testimony.

For the reasons set forth above, the Court **GRANTS in part, DENIES in part, and RESERVES RULING in part** on Plaintiff's Motion in Limine (Doc. 70). The Court also **GRANTS in part, DENIES in part, and RESERVES RULING in part** on Defendants' Motion in Limine (Doc. 71).

**IT IS SO ORDERED.**

DATED:   August 9, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**